UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV35-3-V
(5:05CR9-23-V)

| | |
|---|---|
| LEONARD A. CLEMENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Document No. 1.) For the reasons stated herein, Petitioner's motion will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record of this matter, Petitioner was charged, along with thirty-six others, in a twenty-nine count Second Superseding Bill of Indictment on July 25, 2005 (Criminal case 5:05cr9; Doc. No. 265.) Count One of the Second Superseding Indictment charged Petitioner with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base and 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841. On January 25, 2005, a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. §§ 841, 851 was filed stating the previous convictions to be relied upon (Criminal case 5:05cr9; Doc. No.15.) On December 6, 2005 Petitioner pled guilty, without the benefit of a plea agreement, to Count One of the Second Superseding Indictment. On October 10, 2006, Petitioner field a Motion to Withdraw

1

his Guilty Plea (Criminal case 5:05cr9; Doc. No. 612.) The Court held a hearing on Petitioner's Motion to Withdraw his Plea on November 6, 2006 and denied the motion (See Transcript of Sentencing Hearing at 2-16: criminal case 5:05cr9; Doc. No. 709.) The Court sentenced Petitioner to life imprisonment plus ten years of supervised release. (Criminal case 5:05cr9: Doc. No. 638; Judgment.) Petitioner filed a Notice of Appeal on November 22, 2006 and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished Order on August 2, 2007. (Criminal case 5:05cr9; Doc. No. 825.) On May 7, 2008, Petitioner filed the instant Motion to Vacate alleging: 1) that his counsel was ineffective in waiting months to file his motion to withdraw his guilty plea; 2) that his prior convictions were misdemeanors and not felony convictions; 3) that he was improperly sentenced for cocaine instead of marijuana and 4) that his sentence is outside of the Guideline range.

## II. ANALYSIS

### A. Petitioner Has Failed to State a Claim for Ineffective Assistance of Counsel

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992) In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that,

2

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)(internal citations and quotations omitted), cert. denied, 474 U.S. 856 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields 956 F.2d at 1297.

Petitioner claims that his trial counsel erred by waiting several months to file Petitioner's Motion to Withdraw his Guilty Plea such that the motion was filed only weeks before he was sentenced. Petitioner contends that he wanted counsel to move to withdraw his plea because the Government breached a verbal agreement that they would allow him out on bond if he pled guilty.

This Court held a hearing on Petitioner's Motion to Withdraw his Guilty Plea on November 6, 2006 and allowed Petitioner to explain the basis for his motion. Petitioner explained to the Court that the "main[] reason why I did enter the guilty plea was to get out so that I could help myself more substantially. But if I didn't have to enter that guilty plea, I wouldn't have entered it then at that certain point in time. That was just my main reason for the guilty plea right then on my behalf." (Transcript of hearing on Motion to Withdraw at 13.) Petitioner contends that he entered into a verbal agreement with the government that he would plead guilty and he would be released on bond. (Motion at 4.) However, the record as developed at the Hearing to Withdrawn his Plea indicates that the Government was willing to allow Petitioner to cooperate if he pled guilty, but that the Government was not interested in having Petitioner out on bond. In fact, Government counsel explained to the Court that at one of the hearings in magistrate court, there was discussion about Petitioner being out on bond, but Petitioner "proceeded to accuse law enforcement of a great deal of misconduct and became rather disruptive at that time." Government counsel went on to explain that Petitioner was not a good candidate for pretrial release. (Transcript of Motion to Withdraw Plea

at 14-15.) Petitioner's counsel agreed that Petitioner was under the impression that he would be released on bond in order to cooperate and that Petitioner's behavior at a hearing before the magistrate changed the Governments position with respect to agreeing that he should be released on bond. Petitioner's counsel stated that it was the Government's change of position with respect to Petitioner's release that caused Petitioner to "lose faith" in the Government and to file his Motion to Withdraw his Plea. (Transcript of Motion to Withdraw Plea at 14-15.)

The record establishes that Petitioner plead guilty on December 6, 2005. Petitioner's counsel stated that Petitioner asked him to file a motion to Withdraw his Guilty Plea in August 2006.[1] (Transcript of Motion to Withdraw at 3.) Such motion was filed, against counsel's advice, on October 10, 2006, ten months after Petitioner pled guilty, and the hearing on such motion was held on November 6, 2006. If counsel had filed the motion when Petitioner had requested him to do so, the motion would have been filed eight months after Petitioner had pled. Whether Petitioner's motion was filed in August, when he asked counsel to fil the motion, or two months later, when the motion was actually filed, the Court's decision would have been the same. Indeed, the Court reviewed the factors regarding withdrawal of guilty pleas and found that Petitioner did not provide credible evidence that his plea was not knowing and voluntary, the legal innocence factor weighed against him, the delay between the entering of the plea and the motion to withdraw weighed against him, he received close assistance of counsel, the Government would be prejudiced because the

---

[1] Petitioner provides no dates but only states that his lawyer waited months to file the motion. Also, the Court notes that Petitioner was given the opportunity to speak at the hearing on his Motion to Withdraw his Guilty Plea and he did not refute that he asked his counsel to file the motion in August, eight months after he pled guilty.

primary case has already been tried [2] and the inconvenience to the Court was a neutral factor. The Court concluded that the motion should be denied because the evidence did not support the motion. (Transcript of Motion to Withdraw Plea Hearing at 15-16.) The two month gap between when Petitioner requested the motion be filed and when the motion was actually filed would not have altered the Court's decision with respect to Petitioner's motion. The conclusion with respect to each of the factors would be the same despite the two month delay. Assuming Petitioner has established that his counsel was deficient in not filing the motion when he requested, which he has not, he has not established prejudice because the two month delay would not have altered the Court's analysis. Therefore, Petitioner's claim that his counsel was ineffective by failing to file his motion to withdraw when he requested he do so is denied.

**B. Petitioner's Claim Regarding His Prior Convictions is Procedurally Barred**

Next, Petitioner contends that his three prior felony convictions were really misdemeanors and were improperly counted as felonies. Petitioner concedes that he raised this issue on direct review and the Fourth Circuit affirmed his conviction and sentence. Under the law, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Accordingly, since the Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

---

[2] The case against Defendant Eckles was tried in April, 2006, 4 months before Petitioner asked his counsel to file the motion and 6 months before such motion was filed.

**C. Petitioner Was Appropriately Sentenced Based on the Drugs to Which He Plead**

Petitioner contends that he was improperly sentenced based on the amount of crack as opposed to the lesser drug of marijuana. He explains that because he was charged with multiple drugs, he should have been sentenced on the marijuana as opposed to the cocaine. Petitioner is incorrect. Petitioner was not found guilty on a general verdict, but instead specifically pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base and 1,000 kilograms or more of a mixture and substance containing marijuana. (Transcript of Plea and Rule 11 Hearing at 9.) Petitioner was told by Magistrate Judge Horn at his Plea and Rule 11 Hearing that "based on the quantities of drugs alleged in the indictment if reasonably foreseeable by [him], [he] would face a ten year mandatory minimum term of imprisonment, a maximum of life imprisonment, and a fine of up to $4 million." (Id. at 10.) When asked if he understood the charges to which he was pleading guilty and the penalties he would face if convicted, Petitioner stated that he did. (Id. at 11.) The principle to which Petitioner is alluding is applicable when a defendant is convicted of multiple types of drugs on a general verdict. It is simply not applicable in the instant case where Petitioner pled guilty to an indictment which included specific drug and quantities. Petitioner's claim is without merit and is denied.

**D. Petition Was Appropriately Sentenced Pursuant to Statute**

Finally, Petitioner contends that he was sentenced outside of his Guideline range because his prior drug offenses which support the life sentence were misdemeanors and not felonies. To the extent that Petitioner challenges his underlying convictions, this issue as already stated in this Order, was raised before the Fourth Circuit Court of Appeals on direct appeal. Absent a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were

rejected in direct review.  Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976).  Accordingly, since the Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

Next, Petitioner was specifically told at his Plea and Rule 11 Hearing that because of the quantities of drugs alleged in the Indictment, he was facing life imprisonment. (Transcript of the Plea and Rule 11 Hearing at 10.)  The Presentence report ("PSR") accurately reports that Petitioner's statutory term of imprisonment is not less than life and the guideline range of imprisonment for Petitioner, based on a total offense level of 25 and a criminal history category of VI is 292 to 365 months.   However, the PSR also reported that because the statutory minimum sentence of imprisonment is greater than the maximum of the guideline range, the guideline term of imprisonment shall be life.  See U.S.S.G. §5G1.1(b).  Petitioner appropriately received a life sentence and his claim that his underlying felonies do not support his sentence is procedurally barred because such claim was litigated on direct review.

### III. ORDER

Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: June 2, 2008

Richard L. Voorhees
United States District Judge